IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton Sharan Sapp, | C/A No. 3:22-cv-2258-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| 11th Judicial Circuit Solicitor's Office; County of Lexington; State of South Carolina; Lexington County Sheriff's Department; Michael B. Wilfong; and S.R. Blair, | |
| Defendants. | |

*Pro se* plaintiff Alton Sharan Sapp ("Plaintiff") has brought two separate actions pursuant to 42 U.S.C. § 1983.  The two cases are substantially similar—the main difference between them is that in the instant action the 11th Judicial Circuit Solicitor's Office and the State of South Carolina are listed as Defendants, and they are not part of Plaintiff's other action.  In each action, United States Magistrate Judge Paige J. Gossett has issued a Report and Recommendation ("Report"), in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending summary dismissal.[1]  [*Sapp v. Wilfong*, 3:22-cv-2257-SAL, ECF Nos. 15, 21; *Sapp v. 11th Judicial Cir. Solicitor's Office*, 3:22-cv-2258-SAL, ECF No. 15.]  In this action, Plaintiff filed objections to the Report on August 31, 2022.  [ECF No. 17.]  He subsequently

---

[1] The Magistrate Judge filed this same Report and Recommendation in both cases; however, the reasoning she offered for recommending summary dismissal is different in some respects.  [*See Sapp v. Wilfong*, 3:22-cv-2257-SAL, ECF No. 15.]  In both cases, the Magistrate Judge recommended summary dismissal based upon various deficiencies in the pleadings, but, in the instant case, the Magistrate Judge has also recommended summary dismissal because this case is duplicative of 3:22-2257.

1

filed a motion for a preliminary injunction on March 8, 2023.  [ECF No. 21.]  The matter is now ripe for consideration by this court.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities."  *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

**DISCUSSION**

After a thorough review of Plaintiff's objections, the Report, and the record of this case, the Court finds that Plaintiff's objections are largely non-specific or unrelated to the dispositive portions of the Report.  In the Report, the Magistrate Judge recommended summary dismissal because Plaintiff had failed to provide specific allegations as to each defendant and, further, failed to explain how each defendant was liable.  [ECF No. 15 at 4.]  Additionally, the Magistrate Judge noted, to the extent Plaintiff attempted to bring claims against the Eleventh Circuit Solicitor, solicitors are immune from suit.  *Id.* at 5.  Furthermore, as explained in the Report, neither the Lexington County Sheriff nor the Lexington County Sheriff's Department is a person amenable to suit under § 1983.  *Id.*  Finally, as to Defendants Wilfong and Blair, who Plaintiff claimed are detectives with the Lexington County Sheriff's Office, the Magistrate Judge recommended summary dismissal because Plaintiff failed to provide any "facts about these defendants [to] show how they were personally involved in the purported deprivation of Plaintiff's rights." *Id.* at 6.  The Magistrate Judge further recommended summary dismissal of the instant action because it was duplicative of 3:22-2257.  *Id.* at 3, 6–7.

For the most part, Plaintiff's objections consist of general disagreements with the Magistrate Judge's findings, but Plaintiff fails to identify any specific error in the Report.  For example, Plaintiff asserts the Report is "extremely Argumentative. . . ."  [ECF No. 17 at 2.]  Plaintiff identifies his "main concern" as a purported mischaracterization of "the evidence (the complaints themselves)." *Id.*  However, Plaintiff fails to articulate how he believes the Report mischaracterizes his allegations or the complaint.  Such non-specific objections do not "'enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap*, 2017 WL 6345402, at *5 n.6 (citation omitted).  Plaintiff's general

3

objections thus have the same effect as would a failure to object.  Furthermore, having reviewed

the complaint, the court agrees with the Magistrate Judge's characterization of the complaint.  It

lacks the specificity required to properly state a claim.

Plaintiff further asserts the purpose of his filings was to request a default or default

judgment.  [ECF No. 17 at 2.]  However, such actions are not appropriate in this case.  As explained

by the Magistrate Judge, due to various deficiencies in the pleadings, it has been recommended

that this matter be summarily dismissed without issuance and service of process.  [ECF No. 15.]

The Defendants cannot be held in default because they have not been served with the pleadings in

this matter.  Plaintiff's objection is overruled.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the instant case, 3:22-

2258, should be dismissed as duplicative.  He argues,

> The material components of the cases are completely different . . . .  They are
> composed of different acts committed under color of law by different defendants.
> Though the defendants did in fact commit the same Constitutional violations, it is
> wrong to assume that the same underlying actions—which cause the civil rights
> violations subject to each separate complaint and lawsuit—were in fact the same.
> Case Number ending in -02258 is concerning Constitutional violations committed
> {Specifically} by the 11th Judicial Circuit Solicitor's Office, and their prosecution
> team—subject as defendants to this complaint as well, and violations that can
> preponderantly—be asserted to be the direct cause of their actions (actions under
> color of law that were perpetrated by them alone.)  The same is true for the
> Defendant party(s) involved in Civil case number ending in -02257.

[ECF No. 17 at 2.]  Although Plaintiff maintains the two cases are "completely different[,]" *id.*, he

fails to adequately articulate how the claims themselves are different, particularly where it is

unclear from the pleadings what allegations Plaintiff is making against the defendants.  The court

overrules this objection and agrees with the Magistrate Judge that the instant action is duplicative

of *Sapp v. Wilfong*, 3:22-cv-2257-SAL and should be summarily dismissed.

After a review of the record, this Court finds that the Report accurately summarizes this case and the applicable law.  For the reasons outlined above, the court overrules all of Plaintiff's objections.

Plaintiff has filed a motion for a preliminary injunction asking that the court dismiss the state criminal cases against him.  [ECF No. 21 at 3–4.]  The court denies that motion.  As outlined here and in the Report, Plaintiff's § 1983 cases are being summarily dismissed.  Additionally, this court's dismissal of Plaintiff's state court criminal charges would not be appropriate.  *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (explaining the *Younger* abstention doctrine precludes federal courts from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances" (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971))).

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 15] is adopted in its entirety and incorporated herein.  As a result, this case is summarily **DISMISSED** without prejudice and without issuance and service of process.  Plaintiff's motion for a preliminary injunction [ECF No. 21] is also **DENIED**.

**IT IS SO ORDERED**.

/s/Sherri A. Lydon_____
March 29, 2023                                  The Honorable Sherri A. Lydon
Columbia, South Carolina                   United States District Court Judge